# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8981 | **DATE** | 5/21/2012 |
| **CASE TITLE** | Oral F. Sekendur vs. Glenn A. McCandliss et al. | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of the order, plaintiff Oral F. Sekendur's motion for leave to file an answer [73] is denied. Sekendur's "Motion to Dismiss without Prejudice or Alternatively Stay" [75], his request to proceed *in forma pauperis* [77], and his motion for appointment of counsel [78] are also denied. Defendant Glenn A. McCandliss's motion [79] is granted in part and denied in part. Because the court has denied Sekendur's motions, McCandliss's motion to strike docket entries 73, 75, 77, and 78 is denied as moot. McCandliss's motion to dismiss Sekendur's claims with prejudice for lack of prosecution is denied. McCandliss's request for entry of default against Sekendur on McCandliss's counterclaims, however, is granted. The parties and their counsel, if any, need not appear at the court's 5/22/12 motion call as all matters in this case scheduled for that motion call have been resolved. Pursuant to docket entry 70, the parties are to confer pursuant to Rule 26(f) and file an agreed Form 52 on or before 5/25/12. The case is set for further status and entry of a scheduling order at 9:00 am on 6/7/12.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Defendant Glenn A. McCandliss filed counterclaims against plaintiff Oral F. Sekendur on January 2, 2012. (Dkt. No. 6.) Sekendur had 21 days to answer in a timely fashion, Fed. R. Civ. P. 12(a)(1)(B), but failed to do so, despite having been actively involved in the litigation from January to the present. On May 11, 2012, Sekendur filed a motion for leave to file an answer to the counterclaims (Dkt. No. 73), stating that he has been ill with depression and that he was not served with certain documents. Sekendur does not deny that he was served with the counterclaim, however. Moreover, any depression did not prevent Sekendur from participating in the litigation in other respects, and cannot excuse his failure to answer. Accordingly, Sekendur's motion for leave to file an answer to the counterclaims (Dkt. No. 73) is denied, and McCandliss's motion for entry of default against Sekendur on his counterclaims (Dkt. No. 79) is granted.

    Sekendur has also filed a "Motion to Dismiss without Prejudice or Alternatively Stay" (Dkt. No. 75), in which he requests that the court dismiss his claims without prejudice because his depression makes it difficult for him to pursue the case. Under Fed. R. Civ. P. 41(a)(2), a court may dismiss a plaintiff's claims "on terms that the court considers proper," including in cases in which counterclaims are pending if the counterclaims may remain pending for independent adjudication. Here, however, McCandliss's counterclaims are compulsory under

**STATEMENT**

Fed. R. Civ. P. 13(a) because they arise out of attempts to collect a judgment against Sekendur in Case No. 03-807 (N.D. Ill.), the same occurrence out of which Sekendur's claims in this action arise. Accordingly, the counterclaims cannot be adjudicated independently. The court also finds that a stay is improper, given that Sekendur's depression has not prevented him from appearing at court proceedings and litigating this case for the past four months. Sekendur's motion to dismiss (Dkt. No. 75) is thus denied. In response to Sekendur's motion to dismiss his claims without prejudice, McCandliss seeks dismissal of Sekendur's claims with prejudice (Dkt. No. 79), but provides no reason in support of his motion, which is thus denied.

Sekendur also requests to proceed *in forma pauperis* ("IFP") (Dkt. No. 77) and moves for the appointment of counsel (Dkt. No. 78). Because this case was removed from state court, Sekendur has no obligation to any court fee to proceed, but instead seeks IFP designation so that the court may appoint him counsel. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc) (federal courts are authorized to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), but only "in proceedings *in forma pauperis*").

Although this decision is discretionary, the Seventh Circuit has directed the district court to follow a two-step approach, asking "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Here, Sekendur's motion for appointment of counsel indicates that he has contacted only one attorney in an attempt to find representation. (Dkt. No. 78 ¶ 2.) That attorney refused to represent him because he could not pay. Sekendur has not indicated an attempt to contact any legal aid societies or other attorneys who might represent him or provide legal advice for free. Accordingly, the court rules that Sekendur has not made a reasonable attempt to obtain counsel. Sekendur's motion for appointment of counsel (Dkt. No. 78) is thus denied, and his request to proceed IFP (Dkt. No. 77) is denied as moot.

*James F. Holderman*